IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RANDY C. GLOVER,**

    Plaintiff,

v.

**ANDREW M. SAUL,**
**Commissioner of Social Security,**

    Defendant.

Case No. 21-2100-DDC

**MEMORANDUM AND ORDER**

    Before the court is plaintiff Randy Glover's Motion to Proceed Without Prepayment of Fees, docketed February 22, 2021 (Doc. 3). Mr. Glover's request relates to his contemporaneously filed Complaint, which charges that he was denied Supplemental Security Income "contrary to law" and without "substantial evidence." Doc. 1 at 6 (Compl.). Mr. Glover's motion includes an Affidavit of Financial Status supporting his request. Doc. 3-1 at 2–7.

    Under 28 U.S.C. § 1915(a)(1), the court is authorized to permit Mr. Glover to commence an action without prepayment of fees—*i.e.*, to proceed *in forma pauperis* ("IFP")—if certain conditions are satisfied. Although the statute speaks of incarcerated individuals, it "applies to all persons applying for *in forma pauperis* status, and not just prisoners." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citations omitted); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) ("Despite . . . the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." (citation omitted)).

The conditions contemplated by § 1915(a)(1) require that plaintiff demonstrate his inability to afford the costs of litigation.  28 U.S.C. § 1915(a)(1).  The court has "wide discretion" when it comes to petitions to proceed *in forma pauperis*.  *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006) (citation and internal quotation marks omitted).  But, the court may not rule such requests arbitrarily or erroneously.  *Id*.  So, "to succeed on a motion to proceed [*in forma pauperis*]," a movant simply "must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument . . . in support of the issues raised in the action."  *Lister*, 408 F.3d at 1312.

In the court's discretion, the court finds that Mr. Glover has made this requisite showing.  His motion states he is "unable to pay the fees and costs of this case."  Doc. 3 at 1.  And, the affidavit attached to his motion shows that his living expenses exceed his income.  Doc. 3-1 at 3–6.  Last, Mr. Glover's Complaint alleges "a reasoned, nonfrivolous argument . . . in support of the issues raised in the action."  *Lister*, 408 F.3d at 1312.  So, Mr. Glover has "show[n] a financial inability to pay the required filing fees" for facially legitimate allegations.  *Lister*, 408 F.3d at 1312.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) is granted.  The Clerk is directed to prepare a summons on his behalf.  Fed. R. Civ. P. 4.  In addition, the Clerk shall issue the summons to the United States Marshal or Deputy Marshal, who the court appoints to effect service.  Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

Dated this 24th day of February, 2021, at Kansas City, Kansas.

                                                                     s/ Daniel D. Crabtree
                                                                     Daniel D. Crabtree
                                                                     United States District Judge